IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES STARK,** | : | **CIVIL NO. 1:11-CV-00003** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **ERIC J. HOLDER, JR.,** *et al.*, | : | |
| **Defendants** | : | |

**FILED**
HARRISBURG, PA

MAR 0 1 2012

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## M E M O R A N D U M

Before the court is Plaintiff James Stark's motion for reconsideration of the court's memorandum and order of November 17, 2011 (Doc. 55), granting summary judgment in favor of Defendants and closing the case. (Doc. 53.) For the reasons that follow, the instant motion (Doc. 55) will be denied.

## I.   Background

Plaintiff, an inmate incarcerated at the Federal Correctional Institution at Allenwood Low in White Deer, Pennsylvania, initiated this action with a complaint in mandamus on January 3, 2011, seeking declaratory or mandamus relief pursuant to 28 U.S.C. § 2201, 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, on January 3, 2011. (Doc. 1.) After the pleadings were completed, both Plaintiff and Defendants filed motions for summary judgment. (Docs. 11 & 20.) In his motion, Plaintiff alleged that Bureau of Prisons ("BOP") officials did not provide him with sufficient information to help him determine if his participation in

certain prison skills development programs was sufficient to entitle him to placement in a Residential Re-entry Center ("RRC") in accordance with the Federal Prisoner Re-entry Initiative provision of the Second Chance Act of 2007, 42 U.S.C. § 17541(a)(1)(G). (Doc. 13.) As relief, Plaintiff sought an order compelling Defendants to provide him with a listing of incentive programs for prisoner participation in skills development programming. Defendants sought summary judgment in their favor because, *inter alia*, Plaintiff failed to state an actionable mandamus claim because the development and implementation of inmate skills development programs and any incentives offered in conjunction with them are discretionary functions of the BOP. (Doc. 22.) On November 17, 2011, the court denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment. (Doc. 53.) In that order, the court determined that Plaintiff could not show that he had the requisite clear and undisputable right to have the act requested performed. Specifically, the statute Plaintiff relied upon does not require specific incentives, nor does it require a formal list, contrary to Plaintiff's assertion. Rather, 42 U.S.C. § 17541(a)(2) expressly states that "[i]ncentives for a prisoner who participated in reentry and skills development programs . . . *may, at the discretion of the Director*, include . . . some other incentives [beyond community confinement] *as the Director considers appropriate . . . .*" *Id.* (emphasis added). Further, the court concluded that Plaintiff did not demonstrate that he has no other remedy. As a result,

2

Plaintiff failed to show any extraordinary factors that would warrant the granting of the complaint in mandamus, and summary judgment was entered in favor of Defendants.

Plaintiff subsequently filed the instant motion for reconsideration. (Doc. 55.) In his motion, Plaintiff argues that the case should be reopened in light of the holding of *Krueger v. Martinez*, 665 F. Supp. 2d 477 (M.D. Pa. 2009), in which this court found that the agency requirement of prior Regional Director approval for 12-month RRC placements and the agency's stated position that an inmate's pre-release RRC needs can usually be accommodated by a placement of six months or less, constitute an abuse of discretion by the BOP because they restrict inmate access to the 12-month RRC programs permitted under the Second Chance Act. *Id.* After careful review, the court will deny the motion.

## II.   **Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when

3

the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration.  Initially, the court notes that Plaintiff's reliance on *Krueger* is misplaced.  Since the holding in *Krueger*, the majority of courts have found that

4

neither the BOP's requirement of Regional Director approval nor the agency's stated view that many inmates can have their needs met through 180-day RRC placements, violates the Second Chance Act. *See Rosario v. Scism*, Civ. No. 1:10-cv-2600, 2011 WL 398200, at *7 (M.D. Pa. Jan. 20, 2011) (collecting cases); *Stokes v. Norwood*, No. 10-5645, 2010 WL 1930581, at *6 (D. N.J. May 12, 2010) (collecting cases); *see also McDonald v. Obama*, Civ. No. 1:10-cv-379, 2010 WL 1526443, at *6 (Mar. 15, 2010) (collecting cases); *Wires v. Bledsoe*, No. 09-2247, 2010 WL 427769, at *4 (M.D. Pa. Feb. 3, 2010). As such, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Plaintiff's arguments do not constitute new evidence that was unavailable when the court entered judgment in favor of Defendants. While Plaintiff may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

SYLVIA H. RAMBO
United States District Judge

Dated: March   , 2012.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES STARK, | : | CIVIL NO. 1:11-CV-00003 |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | |
| | : | |
| ERIC J. HOLDER, JR., *et al.*, | : | |
| | : | |
| Defendants | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT** the motion for reconsideration (Doc. 55) is **DENIED**.

SYLVIA H. RAMBO
United States District Judge

Dated: March  2 , 2012.